UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID VALENTIN,

              Plaintiff,

-v-

THE BANK OF NEW YORK MELLON CORP., THE BANK OF NEW YORK, THE BANK OF NEW YORK COMPANY, INC., THE BANK OF NEW YORK MELLON, and JOHN DOE CORPORATIONS "1" THROUGH "5",

              Defendants.

MEMORANDUM DECISION AND ORDER

09 CV 09448 (GBD)

GEORGE B. DANIELS, District Judge:

    The above-captioned action was referred for general pre-trial purposes to Magistrate Judge James C. Francis IV. Magistrate Judge Francis granted Defendants' letter application to assert privilege over two documents inadvertently produced to Plaintiff and require Plaintiff to return those documents. Plaintiff has filed a timely objection pursuant to Fed. R. Civ. P. 72(a).

    This Court reviews the Magistrate Judge's non-dispositive rulings pursuant to Fed. R. Civ. P. 72(a). A court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435(1985). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." Nikkal Indus., Ltd. v. Salton, Inc., 689 F. Supp. 187, 189 (S.D.N.Y. 1988) (citation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." MacNamara v. City of New York, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and

1

quotations omitted).

"It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." RMED Int'l, Inc. v. Sloan's Supermarkets, Inc., 2000 U.S. Dist. LEXIS 4892, at *4 (S.D.N.Y. Apr. 17, 2000); accord Beckles v. City of New York, 2010 U.S. Dist. LEXIS 45423, at *5 (S.D.N.Y. May 10, 2010). Thus, "[t]he party seeking to overturn a magistrate judge's decision thus carries a heavy burden." U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc., 2007 U.S. Dist. LEXIS 59233, at *4 (S.D.N.Y. Aug. 13, 2007).

Magistrate Judge Francis did not abuse his discretion in granting Defendants' application to assert privilege over the documents at issue. The Magistrate Judge engaged in the fact-intensive inquiry required by Fed. R. Evid. 502(b) to determine whether the documents at issue were inadvertently disclosed. The Magistrate Judge properly determined that: (1) the disclosure was inadvertent because, at the time of production, Defendants were not aware of the protected nature of the documents at issue; (2) Defendant undertook a traditional document-by-document review that was a reasonable methodology designed to prevent the disclosure of privileged documents, given the small number of documents produced; and (3) Defendants promptly took reasonable steps to rectify the disclosure by petitioning the Court for relief within a week from the time they understood the privileged nature of the disclosed documents.

Plaintiff has not raised any meritorious objections that would entitle him to relief. With respect to the reasonableness of Defendants' efforts to prevent the disclosure of privileged documents, Plaintiff argues that the Magistrate Judge lacked a sufficient foundation to find that reasonable steps had been taken because Defendants failed to describe their review process with any specificity. Relying upon Peterson v. Bernardi, 262 F.R.D. 424, 429 (D.N.Y. 2009),

Plaintiff seeks to impose a higher burden of proof on Defendants. Plaintiff contends that Defendants failed to, but should have, offered more than a bare-bones description by explaining who conducted the review, the number of hours the review took, or what, if any, controls were implemented. However, Plaintiff has not identified any controlling or well-established case law in this district that requires the disclosing party to reveal particular details about the review process as a threshold to satisfying Fed. R. Civ. 502(b)(2). There is thus no legal basis to find that the Magistrate Judge overlooked or misapplied the law. Furthermore, it was not clearly erroneous for the Magistrate Judge to determine that Defendants provided a sufficient description of their review process, given that Defendants offered more than a general statement that a review was done.

Plaintiff also argues that a finding of waiver is appropriate because Defendants were not faced with severe time constraints and because Defendants did not mark the documents at issue "confidential" or "privileged." These arguments demonstrate that some factors may have weighed in favor of a finding of waiver. They do not, however, provide for a *per se* or presumptive finding of waiver. It does not demonstrate that the Magistrate Judge's actual finding was clearly erroneous. The Magistrate Judge had the discretion to consider and weigh the factors he deemed relevant. In doing so, he made a reasonable determination, based upon the Defendants' review process and small volume of production, that no waiver occurred. Plaintiff's arguments are thus unpersuasive.

With respect to the reasonableness of Defendants' steps to rectify the disclosure, Plaintiff argues that the Magistrate Judge misapplied the law in determining the amount of time taken by Defendants to remedy the inadvertent disclosure. Plaintiff contends that the time frame is measured from when the Defendants should have learned of the disclosures, not from when the

Defendants actually made the discovery. This district's well-established rule in the context of civil discovery is that the time frame begins when Defendants learn of the improper disclosure. United States Fid. & Guar. Co. v. Braspetro Oil Servs. Co., 2000 U.S. Dist. LEXIS 7939, 2000 U.S. Dist. LEXIS 7939, 2000 WL 744369, at *6 (S.D.N.Y. June 8, 2000); see, e.g., In re Parmalat Sec. Litig., 2006 U.S. Dist. LEXIS 88629, at *35-36 (S.D.N.Y. Dec. 1, 2006). Thus the Magistrate Judge did not overlook or misapply the law. Even if Plaintiff could articulate a legal basis for the time frame to begin when Defendants should have known about the inadvertent disclosure, it was not clearly erroneous for the Magistrate Judge to conclude that the reasonable time at which Defendants had knowledge was around the time that it was actually discovered. Plaintiff has never articulated any compelling circumstances warranting departure from the general rule, such as conscious avoidance or gross negligence by the Defendants. Thus the Magistrate Judge's determination of when the Defendants learned of the improper disclosure was not clearly erroneous.

    Plaintiff also argues that the Magistrate Judge only considered one of the Lois factors and that a balancing of the considerations set forth by the Advisory Committee weighs heavily in favor a finding of a waiver. The Magistrate Judge was not required to consider the multifactor test set out in Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co., 104 F.R.D. 103 (S.D.N.Y. 1985), or any other factors in assessing Defendants' response to the improper disclosure. The Advisory Committee's notes, which provide guidance on the application of the rule but do not have the effect of law, do not support Plaintiff's position. See Fed. R. Evid. 502(b) (mentioning Lois factors in a general note not specific to Fed. R. Evid. 502(b)(3)); id. ("The rule does not explicitly codify that test, because it is really a set of non-determinative guidelines that vary from case to case. The rule is flexible enough to accommodate any of those limited factors.").

Plaintiff has also not identified any controlling case law or well-established rule in this district requiring those specific considerations. In any event, the Magistrate Judge's Memorandum Decision and Order indicates that factors such as the limited number of documents disclosed and fundamental fairness were considered. Thus Plaintiff has failed to demonstrate that the Magistrate Judge overlooked or misapplied the law, or made clearly erroneous factual determinations. The Magistrate Judge's determinations were proper.

## CONCLUSION

Plaintiff's objections are overruled and rejected in their entirety.

Dated: New York, New York
      May 27, 2011

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge